IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JARONN MOORE,

    Petitioner,

v.                                                                                   Case No. 1:16-cv-01320-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING MOTION FOR COUNSEL,
DENYING § 2255 MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Before the Court is the amended motion of Petitioner, Jaronn Moore, to vacate, set aside, or correct his sentence (the "Amended Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 5.) Also pending is the inmate's request for appointment of counsel.[1] (D.E. 6.)

BACKGROUND

In April 2013, a federal grand jury returned an indictment charging Petitioner with two counts of aiding and abetting the robbery of a business engaged in interstate commerce in violation of 18 U.S.C. §§ 2 and 1951 ("Hobbs Act robbery") and two counts of aiding and abetting the knowing use, carrying, and brandishing of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c). (*United States v. Moore*, Case No. 1:13-cr-10033-JDB-1, D.E. 2.) Moore subsequently pleaded guilty to the Hobbs Act robbery counts and one of the firearm charges. (*Id.*, D.E. 50.) The Court imposed an effective sentence of 147 months'

---

[1]Unless otherwise noted, record citations are to documents filed in the instant case.

incarceration and three years of supervised release. (*Id.*, D.E. 70.) He took an unsuccessful direct appeal. (*Id.*, D.E. 91.)

The movant filed his original § 2255 petition in December 2016.[2] (D.E. 1.) The Amended Petition, docketed in January 2017, asserted the following claims:

> Claim 1: The conviction for the brandishing of a firearm during a crime of violence, as set forth in 18 U.S.C. § 924(c), is unconstitutional because the statute is "vague on [the] same basis as *Johnson* [*v. United States*, 135 S. Ct. 2551 (2015)]."
>
> Claim 2: The indictment was defective with regard to the § 924(c) charges because it "failed to allege subsection (ii) penalty for the purpose of increasing defendant['s] statutory minimum range to 7 years."[3]

(D.E. 5 at PageID 11, 17.)

## DISCUSSION

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). As previously noted,

---

[2]Moore filed a motion in his criminal case on June 6, 2016, less than one year after *Johnson v. United States*, 135 S. Ct. 2551 (2015), was decided, requesting that counsel be appointed to assist him in pursuing a claim thereunder. (Case No. 1:13-cr-10033-JDB-1, D.E. 101.) He later filed a second motion for counsel (*id.*, D.E. 102), as well as a motion to vacate his sentence under *Johnson* (*id.*, D.E. 108). Because these motions are duplicative of the motions now before the Court in this matter, an appropriate order will be entered in Moore's criminal case after entry of the instant order.

[3]Petitioner's claim that the indictment was defective is not listed as a ground for relief in the spaces provided in the Court's official § 2255 form. Instead, the inmate challenges the indictment in response to the following questions contained in Paragraph 13 of the form: "Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them[.]" (D.E. 5 at PageID 17.) The Court liberally construes the Amended Petition as asserting a claim that the indictment was defective.

2

Petitioner argues in Claim 1 that his conviction under § 924(c) should be set aside based on the ruling of the United States Supreme Court in *Johnson* that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally void for vagueness. *See Johnson*, 135 S. Ct. at 2557. The Court finds, however, that *Johnson* has no relevance to Moore's § 924(c) conviction.

> The statute provides in pertinent part that,
>
> [e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, *any person who, during and in relation to any crime of violence* or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, *uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime*—
>
>> (i) be sentenced to a term of imprisonment of not less than 5 years;
>>
>> (ii) *if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years*; and
>>
>> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A)(i)-(iii) (emphasis added).

Section 924(c)(3) sets forth a "two-part definition" of crime of violence, "only one part of which need apply." *United States v. Robinson*, 708 F. App'x 272, 273 (6th Cir. 2017). "First, a crime of violence is a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* (quoting 18 U.S.C. § 924(c)(3)(A)). This is known as the "use-of-force clause." *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018). "Second, a crime of violence is a felony 'that by its nature, involves a substantial risk that

3

physical force against the person or property of another may be used in the course of committing the offense.'" *Robinson*, 708 F. App'x at 273 (quoting 18 U.S.C. § 924(c)(3)(B)). This language is referred to as the statute's "residual clause." *Camp*, 903 F.3d at 597 n.2.

Even if *Johnson*'s finding rendered § 924(c)(3)'s residual clause unconstitutionally vague,[4] Petitioner is not entitled to relief on Claim 1. In a case of first impression in this circuit, the Sixth Circuit recently held that "aiding and abetting Hobbs Act robbery satisfies the force clause" of § 924(c)(3). *See United States v. Richardson*, ___ F.3d ___, No. 17-2157, 2018 WL 4924782, at *5-6 (6th Cir. Oct. 11, 2018) (declining to address the constitutionality of § 924(c)(3)'s residual clause, and holding that the defendant's conviction for aiding and abetting Hobbs Act robbery was a crime of violence under § 924(c)(3)(A)). Moore's conviction for aiding and abetting robbery under the Hobbs Act is therefore a crime of violence, and resort to the residual clause is unnecessary. Claim 1 is therefore DENIED.

In Claim 2, the inmate argues that the indictment was defective because it failed to specify that a conviction under § 924(c) for brandishing a firearm during a crime of violence carried a mandatory minimum sentence of seven years. The claim is not properly brought in this § 2255 proceeding.

---

[4]In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), *cert. denied*, 138 S. Ct. 1975 (2018), the Sixth Circuit held that *Johnson*'s reasoning did not apply to the definition of "crime of violence" in § 924(c)(3)'s residual clause. *Taylor*, 814 F.3d at 375-77. The Supreme Court recently called *Taylor's* ruling into question, however. *See Manners v. United States*, No. 17-8035, 2018 WL 1278398, at *1 (U.S. Oct. 1, 2018) (granting certiorari and remanding case to Sixth Circuit for consideration of whether § 924(c)(3)(B) is impermissibly vague in light of the Court's holding in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), that the definition of "crime of violence" in 18 U.S.C. § 16(b) is void for vagueness).

"The general rule is that the 'sufficiency of an indictment cannot be questioned on a motion under Section 2255 unless it is so defective on its face as to not charge an offense under any reasonable construction.'" *United States v. Byrd*, Cr. No. 01-20325-SHM, Cv. No. 04-02643-SHM, 2006 WL 3805666, at *4 (W.D. Tenn. Dec. 22, 2006) (quoting *Eisner v. United States*, 351 F.2d 55, 56 (6th Cir. 1965)). The indictment in Petitioner's criminal case charged him with violating § 924(c), and it tracked the language of that statute by alleging that "during and in relation to a crime of violence, specifically 'Robbery Affecting Commerce,'" he "knowingly use[d] and carr[ied] and brandish[ed] a firearm." (Case No. 1:13-cr-10033-JDB-1, D.E. 2 at PageID 6.) The indictment therefore adequately charged an offense under § 924(c)(1)(A)(ii). Accordingly, Claim 2 is DISMISSED.

In light of the foregoing, the Amended Petition is DENIED and the motion for appointment of counsel is DENIED as moot.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

5

> If the petition was denied on procedural grounds, the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

Here, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[5]

IT IS SO ORDERED this 16th day of October 2018.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.